1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11    WAYNE ELIJAH JONES,                    Case No.:  24cv0535 CAB (MSB)

12                            Petitioner,
                                            **ORDER DISMISSING CASE**
13    v.                                     **WITHOUT PREJUDICE**

14    SAVANNAH R. MONTANEZ, et al.,

15                           Respondents.

16

17           Wayne Elijah Jones ("Petitioner"), a state prisoner proceeding pro se, has filed a

18    Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  For the

19    reasons discussed below, the Petition is dismissed without prejudice.

20                    **FAILURE TO SATISFY FILING FEE REQUIREMENT**

21           Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in

22    forma pauperis.  The Court cannot proceed until Petitioner has either paid the $5.00 filing

23    fee or qualified to proceed in forma pauperis.  *See* Rules Governing § 2254 Cases, Rule

24    3(a), 28 U.S.C. foll. § 2254.

25                      **FAILURE TO NAME A PROPER RESPONDENT**

26           In addition, Petitioner has failed to name a proper respondent.  On federal habeas, a

27    state prisoner must name the state officer having custody of him as the respondent.  *Ortiz-*

28    *Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), citing Rules Governing § 2254 Cases,

1

1  Rule 2(a), 28 U.S.C. foll. § 2254.  Federal courts lack personal jurisdiction when a habeas

2  petition fails to name a proper respondent.  *See id.*

3      The warden is the typical respondent.  However, "the rules following section 2254

4  do not specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the

5  warden of the institution in which the petitioner is incarcerated . . . or the chief officer in

6  charge of state penal institutions.'"  *Id.*, quoting Rules Governing § 2254 Cases, Rule 2(a),

7  28 U.S.C. foll. § 2254 advisory committee's note.  Here, Petitioner has incorrectly named

8  "Savannah R. Montanez" and "Appellate Defenders, Inc." as Respondents.  (ECF No. 1 at

9  1.)  In order for this Court to entertain the Petition, Petitioner must name the Warden in

10  charge of the state correctional facility in which he is presently confined or the Director of

11  the California Department of Corrections and Rehabilitation.  *Brittingham v. United States*,

12  982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

13  ### FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

14      In accordance with Rule 4 of the Rules Governing § 2254 cases, Petitioner has also

15  failed to allege that his state court conviction or sentence violates the Constitution of the

16  United States or laws or treaties of the United States.

17      Title 28, United States Code, § 2254(a), sets forth the following scope of review for

18  federal habeas corpus claims:

19  
20  
21  
22      The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
       entertain an application for a writ of habeas corpus in behalf of a person in
       custody pursuant to the judgment of a State court only on the ground that he
       is in custody in violation of the Constitution or laws or treaties of the United
       States.

23  28 U.S.C. § 2254(a) (emphasis added).  *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir.

24  1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*,

25  800 F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas

26  corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant

27  to a "judgment of a State court," and that he is in custody in "violation of the Constitution

28  or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

Here, Petitioner fails to allege he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Petitioner indicates that the instant Petition concerns "a conviction," "a sentence," "jail or prison conditions," "parole," "credits", and "prison discipline," as well as "U.S. Constitutional Rights," "Privacy Federal Right," "Civil Rights 1983," and "Human Rights." (*See* ECF No. 1 at 3.) However, Petitioner does not appear to clearly articulate any grounds for federal habeas relief in the Petition. Instead, on the space provided on the habeas form for the first ground for relief, Petitioner appears to simply recite or outline general information and case law concerning "Discretionary Rulings." (*See* ECF No. 1 at 5.) Meanwhile, on the space provided on the habeas form for the second ground for relief, Petitioner appears to continue to outline general information and case law concerning various discretionary trial court rulings on matters including but not limited to motions for a new trial, mistrial, discovery, and challenges to jurors; he also requests copies of court records and records from defense and prosecutorial agencies, which he indicates will assist him in other habeas corpus and civil rights actions. (*See id.* at 7-8.) Upon review, Petitioner's claims are not cognizable on habeas because it is unclear how they challenge the constitutional validity or duration of his confinement.[1] *See* 28 U.S.C. § 2254(a).

18
## **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

19
20
21
22
23

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas

24

25
26
27
28

---

[1] On the initial page of the habeas form, Petitioner also states: "Attorney does not just walk away from their duty to fight for someone's rights" and includes a request for "aggravated" monetary damages. (*Id.* at 1.) This request also falls outside the scope of federal habeas corpus. *See e.g. Nelson v. Campbell*, 541 U.S. 637, 646 (2004) (noting that "damages are not an available habeas remedy.")

24cv0535 CAB (MSB)

petition.  28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.  Ordinarily, to satisfy the exhaustion requirement, a petitioner "'must fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (emphasis added).

Petitioner does not allege that he raised the claims he wishes to present here in the California Supreme Court.  (*See generally* ECF No. 1.)  Petitioner indicates he has an appeal and other petitions pending in various courts (*see id.* at 9, 11), but does not indicate that any of those appeals and/or petitions are before the California Supreme Court, much less if those appeals and/or petitions contain the claims he wishes to present in this Court. If Petitioner has raised his claims in the California Supreme Court, he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

1       (D) the date on which the factual predicate of the claim or claims presented

2       could have been discovered through the exercise of due diligence.

3 28 U.S.C. § 2244(d)(1)(A)-(D).

4       The statute of limitations does not run while a properly filed state habeas corpus

5 petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th

6 Cir. 1999), *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is

7 'properly filed' when its delivery and acceptance [by the appropriate court officer for

8 placement into the record] are in compliance with the applicable laws and rules governing

9 filings."). However, absent some other basis for tolling, the statute of limitations does run

10 while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

11       Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal

12 of a habeas petition "[i]f it plainly appears from the face of the petition and any attached

13 exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C.

14 foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled

15 to federal habeas relief because he has not alleged exhaustion of state court remedies.

16 **CONCLUSION AND ORDER**

17       For the foregoing reasons, the Petition is **DISMISSED** without prejudice.  If

18 Petitioner wishes to reopen and proceed with this habeas case, Petitioner must submit, no

19 later than **June 4, 2024**, a copy of this Order along with **BOTH**: (1) a completed First

20 Amended Petition form that cures the pleading deficiencies outlined in the instant Order

21 **and** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee.  The

22 Clerk of Court is directed to send Petitioner a blank In Forma Pauperis Application and a

23 blank 28 U.S.C. §2254 Amended Habeas Petition form together with a copy of this Order.

24 **IT IS SO ORDERED.**

25 Dated:  April 4, 2024

26

27                Hon. Cathy Ann Bencivengo
               United States District Judge

28

24cv0535 CAB (MSB)